# EXHIBIT 1

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**IN THE CIRCUIT COURT OF BOONE COUNTY, MISSOURI**

| | |
|---|---|
| **THE CURATORS OF THE UNIVERSITY OF MISSOURI and CAPITAL REGION MEDICAL CENTER,** ) ) ) ) | |
|               Plaintiffs, ) ) | Case No. 22BA-CV01701 |
| v. ) ) | Division 4 |
| **TEHUM CARE SERVICES, INC. d/b/a CORIZON HEALTH, INC.,** ) ) ) | |
| Serve:  C T CORPORATION SYSTEM        120 South Central Ave        Clayton, MO 63105 ) ) ) ) | |
| **CHS TX, Inc.,** ) ) | |
| Serve:  C T CORPORATION SYSTEM        120 South Central Ave        Clayton, MO 63105 ) ) ) ) | |
| **and YESCARE CORP.,** ) ) | |
| Serve:  Sara Tirschwell        3411 Yoakum Blvd. #2901        Houston, TX 77006 ) ) ) ) | |
|               Defendants. ) | |

## FIRST AMENDED PETITION

Plaintiffs The Curators of The University of Missouri on behalf of University of Missouri Health Care and University Physicians ("University"), and Capital Region Medical Center ("Capital Region") (collectively, "Hospital" or "Plaintiffs"), by and through undersigned counsel, hereby allege as follows against Defendants Tehum Care Services, Inc. d/b/a Corizon Health, Inc., CHS TX, Inc., and YesCare Corp. (collectively, "Defendants"):

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

## PARTIES

1.      Plaintiff The Curators of The University of Missouri is the state university recognized by Article IX, Sections 9(a) and 9(b) of the Missouri Constitution and incorporated by Mo. Rev. Stat. § 172.020. The Curators of the University of Missouri operates University Physicians and University of Missouri Health Care as part of its academic health system based in Columbia, Missouri. The University includes accredited healthcare facilities that are authorized to operate as hospitals in the State of Missouri.

2.      Plaintiff Capital Region Medical Center is a nonprofit corporation organized under the laws of the State of Missouri with its principal place of business in Jefferson City, Missouri. Capital Region is an affiliate of the University (as defined in the Agreement at Exhibit 1 p. 1, ¶ 1.2, referenced below) and operates an accredited healthcare facility authorized to operate as a hospital in the State of Missouri.

3.      Defendant Tehum Care Services, Inc. d/b/a Corizon Health, Inc. ("Corizon Health") is a Texas for-profit corporation formed on May 3, 2022 by a four-way merger of four entities (Corizon Health, Inc., Valitas Health Services, Inc., Corizon Health of New Jersey, LLC, and Corizon, LLC) with its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee. One of those entities, Corizon, LLC, was a Missouri limited liability company licensed and doing business in Missouri. As a result of the four-way merger, Corizon Health remained as the surviving entity and is liable for Corizon Health, Inc. and Corizon, LLC's contractual obligations, including Corizon Health, Inc. and Corizon LLC's Hospital Services Agreement with Plaintiffs. Before transferring all of its active contracts to Defendant CHS TX, Inc. in May 2022, Corizon Health was engaged in the business of practicing medicine and providing correctional healthcare throughout the United States, including in the State of Missouri. Corizon Health's officers and directors include Chief Executive Officer Sara Tirschwell, Chief Financial Officer

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

Jeff Sholey, Chief Legal Officer J. Scott King, Chief Medical Officer Gregory Ladele, Chairman David Gefner, Vice Chairman Abe Goldberger, Director Jay Leitner, and Director Isaac Lefkowitz.

4.      Defendant YesCare Corp. ("YesCare") is a Texas for-profit corporation formed on January 26, 2022, with its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee. YesCare's organizer and director is Sara Tirschwell. YesCare's executive team includes, among others, Chief Executive Officer Sara Tirschwell, Chief Financial Officer Jeff Sholey, Chief Legal Officer J. Scott King, and Chief Medical Officer Gregory Ladele. Upon information and belief, David Gefner and Jay Leitner retain an ownership interest in YesCare, and Isaac Lefkowitz is likewise involved in YesCare's ownership and/or management.

5.      Defendant CHS TX, Inc. ("CHS TX") is a Texas for-profit corporation formed on May 3, 2022, with its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee. CHS TX's organizer is Sara Tirschwell, and its directors are Sara Tirschwell and Jeff Sholey. CHS TX is a wholly-owned subsidiary of YesCare. On the date of its formation, CHS TX absorbed all or substantially all assets of Corizon Health, including all of Corizon Health's active contracts, employees, and management.

6.      Corizon Health, YesCare, and CHS TX are "Affiliated Entit[ies]" as that term is defined in the Agreement.

7.      Additionally, YesCare and CHS TX are alter-egos, successors, or mere continuations of Corizon Health, formed for the primary purpose of evading or frustrating Corizon Health's creditors, such as Plaintiffs, and are responsible for assuming Corizon Health's obligations to Plaintiffs.

## JURISDICTION AND VENUE

8.      Jurisdiction and venue are proper in this Court.

3

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

9.      This Court has personal jurisdiction over Defendants Corizon Health, YesCare, and CHS TX pursuant to Mo. Rev. Stat. § 506.500(1) and/or (2) because the claims alleged herein against Defendants arise from Defendants' (1) transaction of business within Missouri; (2) making of contracts within Missouri; and (3) commission of tortious acts within this state.

10.     Further, this Court has personal jurisdiction over Defendants YesCare and CHS TX because both are alter-egos, successors, or mere continuations of Corizon Health. *See LearSchmidt Inv. Grp., LLC v. AB-Alpine SPE, LLC*, No. 2:19-CV-04053-NKL, 2019 WL 2271169, at *2 (W.D. Mo. May 28, 2019).

11.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to Article V, § 14(a) of the Missouri Constitution.

12.     This case is not removable to federal court because diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist. The University is an "arm of the State of Missouri," and thus is not a "citizen" of a different state for diversity jurisdiction under 28 U.S.C. § 1332(a). *See Sherman v. Curators of Univ. of Mo.*, 871 F. Supp. 344, 346, 348 (W.D. Mo. 1994) (determining the University is a state instrumentality acting as an arm of the State of Missouri and enjoys Eleventh Amendment protection); *Brantl v. Curators of Univ. of Missouri*, 616 S.W.3d 494, 501 (Mo. App. W.D. 2020) ("Missouri's federal courts have uniformly held that the University is a state instrumentality acting as an arm of the State of Missouri").

13.     Based on the foregoing, the United States District Court for the Western District of Missouri remanded this action on September 9, 2022 for lack of subject matter jurisdiction, finding that "removal was objectively unreasonable." *Curators of Univ. of Missouri v. Corizon Health Inc.*, Case No. 2:22-cv-04100-NKL, Doc. 22 at 16 (W.D. Mo. Sept. 9, 2022).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

14.     Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.4 because Plaintiffs were first injured by the acts and conduct alleged herein in Boone County, Missouri.

## FACTUAL ALLEGATIONS

**A.  Corizon Health Entered Into a Hospital Services Agreement with Plaintiffs in 2016.**

15.     Corizon Health, a privately held correctional health care provider, markets itself as "the pioneer and foremost provider of correctional healthcare in the United States," and "a company built on more than 40 years of innovation and expertise in the industry."[1]

16.     In the course of its business, Corizon Health contracted with the Missouri Department of Corrections ("MDOC") to provide health care services to inmates under the MDOC's control.

17.     To fulfill its contract with the MDOC, Corizon, LLC, "acting for itself or on behalf of any/all/other affiliated companies (hereinafter collectively referred to as "Corizon Health")" entered into a Hospital Services Agreement (the "Agreement") with Plaintiffs on November 1, 2016. The Agreement is attached hereto as **Exhibit 1**, including amendments thereto.

18.     "Affiliated Entity" under the Agreement "means any entity who directly or indirectly through one (1) or more intermediaries, controls, or is controlled by, or is under common control with, Corizon Health." Ex. 1 at p. 1, ¶ 1.1.

19.     Under the Agreement between Corizon Health and Plaintiffs, Plaintiffs agreed to "provide Health Care Services to Patients" in exchange for compensation from Corizon Health. *See id.* at pp. 3-8 & Attachment IV.

20.     "Patient" is defined under the Agreement as "those correctional facility inmate patients or detainees in the custody of the [MDOC] for whom Corizon Health has contracted to

---

[1] **Exhibit 2**, Home Page, www.corizonhealth.com (last visited September 21, 2022).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

provide or arrange for the provision of Health Care Services pursuant to the Corizon Health/[Missouri Department of Corrections] Contract." *Id.* at p. 3, ¶ 1.11.

21. "Health Care Services" is defined under the Agreement as "the medical and other related services, including both inpatient and outpatient care, provided to a Patient by Hospital or Hospital-affiliated health care professional, which are Medically Necessary and are requested by Corizon Health contracted on-site physicians or providers or that constitute Emergency Services." *Id.* at p. 2, ¶ 1.6.

22. Corizon Health agreed to reimburse Plaintiffs for Health Care Services for Patients admitted or brought to Plaintiffs for either inpatient or outpatient care by or at the direction of Corizon Health. *Id.* at p. 5, § 3.

23. Plaintiffs were to "submit Completed Claims to Corizon Health on the approved hospital billing form within one hundred and twenty (120) days of date of service rendered to the Patient or Corizon Health will have no obligation to pay." *Id.* at p. 7, ¶ 3.3.2; *id.* at Second Amendment at p. 1, ¶ 1.

24. "Completed Claim[s]" is defined under the Agreement as:

a timely claim submitted on an industry standard claim form (CMS-1500 or UB-04 or equivalent successor), for reimbursement of Health Care Services which is consistent with the definition of a clean claim in the Missouri Revised Statute 376.383 and contains at least the following information:

1) Patient (Inmate) name and Department of Correction or Booking Identification number (Inmate Number).
2) Name and Address of Correctional Facility from which the inmate was transported.
3) Patient Date of Birth.
4) Date(s) of Service.
5) Hospital Name, Address, Phone number, and Tax Identification number.
6) ICD-9, ICD-10 or successor Diagnostic and Surgical Procedure codes and descriptions.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

7) Current industry standard procedure coding (UB-04 Revenue Codes, DRG, HCPCS and CPT codes as appropriate or equivalent successor forms or code sets) and descriptions.
8) Detailed billing of charges and units.

*Id.* at p. 2, ¶ 1.5.

25.     Completed Claims were to "be sent to the following address:"

Corizon Health accepts the electronic filing of claim forms. When submitting UB-04, or equivalent successor forms via an electronic format, Hospital should use the Corizon Health payer identification number 43160.

Or

Corizon Health
P.O. Box 981639
El Paso, TX 79998

*Id.* at p. 6, ¶ 3.3.1.

26.     Plaintiffs were to "use the most current procedural (CPT) and HCPCS codes on all forms" and "abide by all AMA/CPT code billing standards, CMS guidelines, rules and regulations that are applicable (including inclusive procedure codes, prospective payment system OPPS and/or automated payment classification APC)." *Id.* at p. 7, ¶ 3.3.3.

27.     Corizon Health agreed that "Completed Claims shall be paid within sixty (60) days." *Id.* at p. 7, ¶ 3.1.3.

28.     Further, the Agreement provides, "in the event payment is not made within such sixty (60) day time period, an interest charge of one percent (1%) of the claim per month shall be paid." *Id.*

29.     The Agreement "may be amended only by written agreement signed by the Parties." *Id.* at p. 12, ¶ 7.2. And the Agreement, inclusive of any and all amendments, attachments and exhibits "constitutes the entire understanding and agreement between the parties with regard to the subject matter." *Id.* at p. 12, ¶ 7.4. "No other prior or contemporaneous promise, obligation,

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

statement or understanding between the parties, whether written or oral, shall be valid or binding."
*Id.*

30.    "For conflict of law purposes, the laws of the State of Missouri shall apply in interpreting the terms" of the Agreement. *Id.* at p. 14, ¶ 7.13.

31.    In accordance with the Agreement, Plaintiffs provided Health Care Services to Patients.

32.    Further, Plaintiffs submitted Completed Claims to Corizon Health on approved hospital billing forms.

33.    Plaintiffs submitted such Completed Claims within one hundred and twenty (120) days of the date of service rendered to Patients.

34.    Additionally, Plaintiffs used the most current procedural (CPT) and HCPCS codes on the forms.

35.    Plaintiffs also abided by all AMA/CPT code billing standards, CMS guidelines, rules and regulations that are applicable (including inclusive procedure codes, prospective payment system OPPS and/or automated payment classification APC).

36.    The Agreement provides that the "Parties to this Agreement may not assign, sell or transfer any of their rights or responsibilities under this Agreement without the prior written consent of the other party." *Id.* at p. 12, ¶ 7.1.

37.    Corizon Health did not seek or obtain prior written consent of Plaintiffs to assign, sell, or transfer any of its rights or responsibilities under the Agreement.

38.    The Agreement further provides that "This Agreement shall be binding upon and inure to the benefit of each party hereto, and their successors and permitted assigns." *Id.* at p. 13, ¶ 7.5.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**B.  Beginning in 2020, Corizon Health Stopped Reimbursing Plaintiffs for Health Care Services, and To Date Owes Plaintiffs Over $12 Million.**

39.     Beginning in 2020, Corizon Health did not pay Plaintiffs for all Completed Claims submitted to Corizon Health.

40.     Beginning in 2020, Corizon Health did not pay Plaintiffs for all Health Care Services rendered to Patients.

41.     Plaintiffs notified Corizon Health of its failure to timely pay Completed Claims pursuant to the Agreement. *See* Ex. 1 at p. 13, ¶ 7.9.

42.     Plaintiffs notified Corizon Health of its failure to timely pay for Health Care Services rendered to Patients.

43.     Corizon Health repeatedly represented to Plaintiffs that it intended to pay the outstanding Completed Claims, including interest at the rate of one percent (1%) per month.

44.     Nevertheless, Corizon Health has not paid Plaintiffs for outstanding Completed Claims and/or Health Care Services rendered to Patients, totaling in excess of $12,000,000.00, including interest at the rate of one percent (1%) per month that continues to accrue.

45.     Corizon Health has admitted to Plaintiffs that it is in default on Plaintiffs' outstanding Completed Claims referenced herein.

46.     Corizon Health has admitted to Plaintiffs that it owes Plaintiffs $11,174,365.50 under the Agreement.

47.     To date, Corizon Health has failed to pay even the $11,174,365.50 it admits it owes under the Agreement.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**C.  Corizon Health Consistently Represented Itself as Having Tenure in the Correctional Healthcare Industry and a Strong Financial Position.**

48.     Until the fourth quarter of 2021, Corizon Health (including in its various previous corporate forms) had been the healthcare provider for the MDOC for twenty-nine years, maintaining a regional office in Jefferson City, Missouri since December 1, 1992 to support the medical units of all MDOC Correctional Centers.

49.     In 2011, Correctional Medical Services, Inc. and Prison Health Services, Inc. merged to form Corizon Health under its previous parent company, Valitas Health Services, Inc. To its clients and vendors, Corizon Health represented that these companies constituted the two largest correctional healthcare companies in the nation.

50.     In 2014, Corizon Health won the bid for a renewed contract with the MDOC that was slated to run from July 1, 2014 to June 30, 2021. In the process of bidding for the MDOC contract, Corizon Health represented that it had a strong cash flow and sizable cash balances, boasting access to more than $72 million in operating cash in 2012, including cash held by Valitas. In addition to cash on hand, Corizon Health represented that it had access to a significant line of credit ($75 million) which it could use to meet its needs should the cash generated by its operations not be sufficient for short term need. Corizon Health further represented that Valitas generated approximately $1.2 billion in revenues in 2012 from correctional health care services, for which Corizon Health represented 55% of those revenues. Corizon Health's earnings before interest, taxes, depreciation, and amortization for 2012 was $51.6 million.

51.     Corizon Health's representations about its financial strength persisted through its dealings with the MDOC. In April 2016, Corizon Health sent a proposal to the MDOC for amending the terms of the Contract. As a part of this proposal, Corizon Health requested a reduction in the amount of the required performance bond, citing to "Corizon Health's long term

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

tenure in the correctional healthcare industry, experience in the State of Missouri and strong financial position that makes this an unnecessary expense." The MDOC agreed with Corizon Health's proposed changes. Later that year, Corizon Health and Plaintiffs entered into the Agreement.

52.    In anticipation of Corizon Health's contract expiration, the MDOC initiated a competitive bidding process for providers to submit proposals for the MDOC contract. On May 28, 2021, the MDOC chose a different healthcare provider, Centurion Health, to serve its correctional healthcare needs, ending Corizon Health's longstanding status as the MDOC's healthcare provider. Centurion Health's contract with the MDOC was slated to begin on July 1, 2021.

53.    In June 2021, Corizon Health publicly protested the MDOC's award of the contract bid to Centurion Health. When that protest was denied, in August 2021, Corizon Health filed suit in Cole County against the state Office of Administration and Division of Purchasing over the award of the bid to Centurion Health. In the suit, Corizon Health sought an order blocking the change to Centurion Health.

54.    Corizon Health's contract with the MDOC was extended to November 14, 2021, pending the outcome of Corizon Health's lawsuit.

55.    Because Corizon Health continued to provide services to the MDOC through November 14, 2021, Plaintiffs, too, continued to provide services for Corizon Health in good faith. Despite the ongoing litigation, Plaintiffs reasonably expected Corizon Health to pay for Plaintiffs' services through the MDOC's contract termination because (1) Corizon Health periodically assured Plaintiffs that it intended to pay Plaintiffs for its services; and (2) Plaintiffs were aware

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

that the MDOC continued to pay Corizon Health for the services rendered to inmates. With this understanding, Plaintiffs continued performance under the Agreement through November 2021.

**D. Corizon Health Developed a Scheme to Frustrate its Growing List of Creditors.**

56.     Unbeknownst to Plaintiffs and despite Corizon Health's assurances it would pay Plaintiffs the amounts it owed under the Agreement, Corizon Health began developing a strategy to avoid its liabilities and retain its assets and operations.

57.     In December 2021, Corizon Health appointed Sara Tirschwell as its CEO, self-described as someone "[w]ith more than 30 years of experience in distressed finance."[2]

58.     With Tirschwell as CEO, Corizon Health enacted a plan to undergo a divisional merger under the Texas Business Organization Code ("TBOC") to re-allocate assets and liabilities among the resulting entities to avoid the claims of its creditors, like Plaintiffs.

59.     YesCare represented to at least one court that Corizon Health determined the most "value-maximizing" path forward would be to separate Corizon Health's assets from its liabilities, placing the Corizon Health assets in YesCare, beyond the reach of Corizon Health's unsecured creditors, including trade debt holders such as Plaintiffs, and leaving the liabilities with Corizon Health.

60.     Unbeknownst to Plaintiffs, and while simultaneously representing its intention to pay Plaintiffs the amounts owed, Corizon Health enacted its restructuring plan in the spring of 2022:

      a.   On January 31, 2022, YesCare Corp. was incorporated in Texas. Its registered agent and sole Director at the time of formation was Sara Tirschwell, Corizon Health's Chief Executive Officer.[3]

---

[2] **Exhibit 3**, April 26, 2022 The Well News Article.
[3] **Exhibit 4**, YesCare Corp.'s Certificate of Formation; **Exhibit 5**, Sarah Tirschwell Marketing Op-Ed (Sarah Tirschwell is the chief executive officer of Corizon, soon to be YesCare").

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

b.  On April 28, 2022, Corizon Health, Inc. and its parent company, Valitas Health Services, Inc., were converted from Delaware corporations to Texas corporations.[4] At the time of the conversions, Corizon Health had no significant operations in Texas. Corizon Health's corporate headquarters was in Brentwood, Tennessee, and it maintained a second major corporate office in St. Louis, Missouri.

c.  On May 3, 2022, Valitas Health Services, Inc., Corizon Health, Inc., and the two other Corizon subsidiaries that were incorporated in states other than Delaware, Corizon, LLC (a Missouri entity), and Corizon Health of New Jersey, LLC (a new Jersey entity), completed a four-way merger under the Texas Business Organizations Code. The four entities merged into one surviving Texas corporation: Corizon Health, Inc.[5]

d.  Also on May 3, 2022, immediately following the four-way merger, the combined entity, "Corizon Health," underwent a Texas divisional merger, resulting in two entities: Corizon Health, Inc., and CHS TX, Inc.[6] CHS TX, Inc. then became a wholly-owned subsidiary of YesCare Corp.[7] Corizon Health transferred all or substantially all of its assets to CHS TX, Inc.

61.   As a result of Corizon Health's restructuring scheme, CHS TX (and consequently, YesCare) received all the assets, active contracts, customers, and employees of pre-division Corizon Health,[8] including, among other things, "[a]ll cash in the Company's bank accounts, less $1,000,000 to be maintained in the account of Corizon, LLC," "[a]ll bank accounts of the Company," with a few exceptions, "all trademarks, tradenames, domain names, trade secrets, and other intellectual property relating to the Company," "[a]ll receivable and other current assets of the Company," and "[a]ny owned real estate asset of the Company."

62.   Corizon Health, on the other hand, was gutted: the restructuring scheme left it with no active contracts, no customers, and no meaningful assets; all while bearing the liabilities for all Corizon Health's terminated or expired contracts (a list that spans over 98 pages), including

---

[4] **Exhibit 6**, Corizon Health, Inc. conversion from Delaware corp. to Texas corp. April 28, 2022; **Exhibit 7**, Valitas Health Services, Inc. conversation from Delaware corp. to Texas corp., April 28, 2022.
[5] **Exhibit 8**, Four-way Texas merger of Corizon Health, Inc., Valitas Health Services, Inc., Corizon, LLC, and Corizon Health of New Jersey, LLC
[6] **Exhibit 9**, Corizon Health, Inc./CHS TX, Inc. Texas divisional merger filing.
[7] **Exhibit 10**, Email from K. Davies to Brevard County Sheriff's Dept., June 2, 2022; **Exhibit 11**, Email from S. Koch to Wyoming DOC client, June 3, 2022.
[8] **Exhibit 12**, Plan of Divisional Merger, "NEWCO ASSETS."

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

Plaintiffs' Agreement; over 500 active lawsuits and claims; and a mere $1,000,000 in remaining assets to cover those liabilities.[9]

63.    Upon information and belief, the removal of substantially all assets from Corizon Health was intended to render Corizon Health unable to meet its payment obligations to creditors like Plaintiffs.

64.    On May 11, 2022, Plaintiffs filed this lawsuit against Corizon Health, Inc. and Corizon, LLC.

65.    On May 16, 2022, YesCare issued a press release entitled, "Leading Healthcare Group Forms YesCare, Debuting New Vision and Leadership," and introduced YesCare's top management.[10] All eleven executives listed in the press release previously held (and/or currently hold) management positions in Corizon Health. The release was published by BusinessWire at 8:07 a.m.

66.    Seven minutes before the announcement was published on May 16, 2022, at 8:00 a.m., a secured creditor filed two UCC-1s in Texas, covering YesCare and CHS TX, and asserting security interests in "all assets of debtor, whether now owned or hereafter acquired" for both entities.[11]

67.    On May 19, 2022 and May 20, 2022, the same secured creditor filed UCC-3s in Missouri and New Jersey, releasing its previously-filed liens on the assets of Corizon Health (Corizon, LLC and Corizon Health of New Jersey, LLC, the subsidiaries of Corizon Health that

---

[9] **Exhibit 12**, Plan of Divisional Merger, "REMAINCO ASSETS."
[10] https://www.businesswire.com/news/home/20220516005378/en/Leading-Healthcare-Group-Forms-YesCare-Debuting-New-Vision-and-Leadership (last visited September 20, 2022).
[11] **Exhibit 13**, UCC-1 Financing Statement for YesCare Corp., May 16, 2022; **Exhibit 14**, UCC-1 Financing Statement for CHS TX, Inc., May 16, 2022.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

were parties to the four-way-merger-followed-by-split executed on May 3, 2022).[12] These released

liens had been in place since April of 2017, and had covered all assets of the respective debtors.[13]

68.     On June 1, 2022, post-divisional-merger Corizon Health, through Isaac Lefkowitz,

changed its name to "Tehum Care Services, Inc."[14]

69.     At no point did Corizon Health inform Plaintiffs it was "restructuring."

70.     At no point did Corizon Health inform Plaintiffs it was changing its name.

71.     Instead, Corizon Health continued and continues to hold itself out to Plaintiffs as

"Corizon Health, Inc.," even in public filings in this case.

72.     This corporate restructuring was not an arms-length transaction in which Corizon

Health sold substantially all its assets to a third party for their fair-market value. Rather, it was an

insider transaction in which Corizon Health's beneficial owners placed Corizon Health's assets

into new entities that they also control, for the purpose of frustrating creditors, like Plaintiffs, in

their efforts to collect money owed from Corizon Health.

**E.  Defendants Concealed the Restructuring Scheme from Plaintiffs, Fraudulently
     Induced Plaintiffs to Continue Performing Under the Agreement, and Represented
     that it Intended to Pay the Amounts Owed While Stripping Corizon Health of its
     Assets.**

73.     In 2020, Corizon Health began defaulting on its payments under the Agreement.

74.     Plaintiffs, cognizant of the growing balance due, were in constant contact with

Corizon Health about its delinquent payments, frequently communicating with Corizon Health

personnel regarding payment status.

---

[12] **Exhibit 15**, UCC-3 Release of Lien on Corizon, LLC in Missouri, May 20, 2022; **Exhibit 16**, New Jersey Financing Statements for Corizon Health of New Jersey, LLC.
[13] **Exhibit 16**, New Jersey Financing Statements for Corizon Health of New Jersey, LLC; **Exhibit 17**, Original Corizon, LLC UCC-1 Financing Statement filed in Missouri.
[14] **Exhibit 18**, Corizon Health, Inc. changes name to Tehum Care Services, Inc., June 1, 2022.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

75.     In response, Corizon Health repeatedly provided assurances to Plaintiffs that it intended to perform under the Agreement and pay the amounts owed.

76.     In May of 2021, Tom Luebbering of Capital Region raised with Corizon Health the "significant amount outstanding" and explained "the payment[s] have been slow for now six month[s] and getting worse." Corizon Health claims lead Shawn Lewis referred the matter to Corizon Health's Claims Manager, Vilayvone Chitpanya, and Claims Director, Darrell Barker. Mr. Barker (now a Claims Director for YesCare) represented that Corizon Health was developing plans to "get [Plaintiffs] balance paid to the contract position," and promised Plaintiffs "better visibility" and to "continue to advise what we can do week to week to resolve the backlog."

77.     On September 24, 2021, Mr. Luebbering reiterated that Plaintiffs were "deeply concerned with the amount of outstanding claims that have yet to be paid" and requested a "detailed plan on how interest and claims payments will be made to resolve the outstanding liability."

78.     In response, on September 27, 2021, Mr. Barker promised Corizon Health would pay Plaintiffs on a rolling basis. Mr. Barker explained he would "work to calculate the interest payment for the 2nd quarter and have approved for reimbursement," and would "work to calculate the interest for the 3rd quarter next week and have approved for reimbursement." Mr. Barker explained Corizon Health would "work to[] reimburse billed charges" on the following schedule: $3 million in October, $3 million in November, $3 million in December, and $3 million in January. Mr. Barker further represented that Corizon Health hoped to "close out" the balances "60-days from the termination of the contract."

79.     Despite these assurances, Corizon Health neither paid Plaintiffs on the promised schedule, nor closed out Plaintiffs' balance 60-days from the November 14, 2021 termination date.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

Instead, Corizon Health's repeated assurances were intended to and did induce Plaintiffs to continue to perform under the Agreement through the fall of 2021. Plaintiffs reliance on Corizon Health's repeated assurances caused Plaintiffs to incur over $12,000,000.00 in unpaid services to Corizon Health during the height of the COVID-19 pandemic.

80.     On November 3, 2021, Plaintiffs jointly sent a demand letter to Corizon Health requesting the amounts owed under the Agreement. On November 23, Vince Cooper, Executive Director–Payer Strategy and Health System Contracting for the University followed up with Corizon Health via email, asking if Corizon Health would respond to the letter and explaining "[o]ur expectation is immediate resolution/payment of all outstanding claims." Carla Copeland, Sr. Director of Network Development and Purchasing for Corizon Health, responded to Mr. Cooper, stating "We're in the process of preparing the letter/response and will send to you shortly." Corizon Health responded on November 24, 2021 with a letter stating "Corizon Health, LLC is aware of the contractual terms and payment obligations" and that Corizon was "working through our backlog of provider claims" and would "follow up with you soon with a proposed resolution." In the email transmitting Corizon Health's response, Ms. Copeland represented that Corizon Health would "hopefully have more information after the Thanksgiving holiday."

81.     In December 2021, Jeanna Williamson from the University emailed Mr. Barker a list of 653 unpaid claims and asked for verification that all claims had been received. On December 17, 2021, Mr. Barker responded that he was "hoping to get through these today or early Monday to let you know the status [on payment]."

82.     On December 15, 2021, a University representative called Corizon Health regarding the outstanding payments. The Corizon Health representative explained that the claims

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

that Corizon Health processed were "set to pay" but that they were "holding claims payments" due to "financial issues with a few clients."

83.    On December 20, 2021, Ms. Williamson again emailed Mr. Barker asking for "confirmation [that] those claims have been received and will be processed." Mr. Barker responded by attaching an updated list of claims and explaining there was just seven visits on the log for which Corizon Health had not received claims. 598 of the 653 claims were noted as "set to pay." On January 5, 2022, Ms. Williamson sent Mr. Barker documentation and claims for those remaining seven visits.

84.    On February 8, 2022, after Ms. Tirschwell formed YesCare Corp., a customer service representative for Corizon Health told Plaintiffs that Corizon Health had "new owners," that Corizon Health was "going through and pushing out payments," and that while Corizon Health could not give Plaintiffs an exact time frame for payment, the new owners were telling Corizon Health to tell people to "allow 30 more days for clean up."

85.    But 30 days passed with no payment. On April 19, 2022, undersigned Plaintiffs' counsel sent Corizon Health a Demand for Payment of Amounts Due and Owing under the Hospital Services Agreement, demanding the $12 million owed. The letter explained that Plaintiffs intended to "enforce its contractual rights in court," if Corizon Health failed to pay the $12 million within seven business days. Corizon Health did not respond to this letter. Rather, nine days later, Corizon Health reincorporated in Texas, underwent the four-way merger, and shed its assets.

86.    In response to Plaintiffs' request for payment, on July 21, 2022, a Corizon Health customer service representative responded that "[w]e do not have an ETA of when payments will be released." Around that same time, Plaintiffs began losing access to the Corizon Health website. At no point did Corizon Health disclose to Plaintiffs that it did not intend to release the payments.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**F. YesCare and CHS TX are Successors to Corizon Health, Sharing the Same Headquarters, Management, and Employees.**

87.    Corizon Health's corporate headquarters is "205 Powell Place, Suite 104, Brentwood, TN 37027."[15] That address is also the corporate headquarters for both YesCare[16] and CHS TX.[17]

88.    On May 19, 2022, Sara Tirschwell tweeted "I am excited to announce that the dedicated employees of Corizon Health now work for @YesCare Corp!":



89.    YesCare confirms on its website that "YesCare acquired all of the employees and active contracts of Corizon Health in early 2022."[18]

---

[15] **Exhibit 19**, Corizon Health, Inc.'s April 19, 2022 Foreign Profit Corporation Annual Report; **Exhibit 8**, Four-way Texas merger of Corizon Health, Inc., Valitas Health Services, Inc., Corizon, LLC, and Corizon Health of New Jersey, LLC.

[16] https://www.yescarecorp.com/contact (listing YesCare's address as 205 Powell Place, Suite 104, Brentwood, TN 37027) (last visited September 21, 2022); **Exhibit 13**, UCC-1 Financing Statement for YesCare Corp., May 16, 2022.

[17] **Exhibit 14**, UCC-1 Financing Statement for CHS TX, Inc., May 16, 2022.

[18] https://www.yescarecorp.com (last visited September 26, 2022).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

90.     In YesCare's BusinessWire-published press release on May 16, 2022 under "About YesCare," it reads: "YesCare [is] composed of the former Corizon Health team."[19]

91.     Corizon Health took down its website in late September/early October of this year. But before it did, screenshots of Corizon Health's website confirm that YesCare and Corizon Health have the exact same management. Sara Tirschwell became the Chief Executive Officer of Corizon Health in late 2021,[20] and she is now also the CEO of YesCare.[21] Ms. Tirschwell is the sole director listed on YesCare's Certificate of Formation (filed January 26, 2022) and is also a director listed on Corizon Health, Inc.'s Certificate of Formation (filed April 28, 2022) along with Abe Goldberger, David Gefner, and Isaac Lefkowitz.

92.     J. Scott King is the EVP & Chief Legal Officer for Corizon Health.[22] He is also the EVP & Chief Legal Officer for YesCare.[23]

93.     Michael Middleton is the Chief Information Officer for Corizon Health.[24] He is also the Chief Information Officer for YesCare.[25]

94.     Michael E. Murphy is the SVP for State Corrections for Corizon Health.[26]  He is also the SVP of State Client Relations and Business Development for YesCare.[27]

95.     Karen Davies is the Senior Vice President of Community Corrections for Corizon Health.[28] She is also the Senior Vice President of Community Operations–Southeast for YesCare.[29]

---

[19]https://www.businesswire.com/news/home/20220516005378/en/Leading-Healthcare-Group-Forms-YesCare-Debuting-New-Vision-and-Leadership (last accessed September 20, 2022).

[20] **Exhibit 20**, Sara Tirschwell bio page, www.corizonhealth.com (last visited September 20, 2022).

[21] https://www.yescarecorp.com/about (last visited September 20, 2022).

[22] **Exhibit 21**, J. Scott King bio page, www.corizonhealth.com (last visited September 20, 2022).

[23] https://www.yescarecorp.com/about (last visited September 20, 2022).

[24] **Exhibit 22**, Michael Middleton bio page, www.corizonhealth.com (last visited September 20, 2022).

[25] https://www.yescarecorp.com/about (last visited September 20, 2022).

[26] **Exhibit 23**, Michael Murphy bio page, www.corizonhealth.com (last visited September 20, 2022).

[27] https://www.yescarecorp.com/about (last visited September 20, 2022).

[28] **Exhibit 24**, Karen Davies bio page, www.corizonhealth.com (last visited September 20, 2022).

[29] https://www.yescarecorp.com/about (last visited September 20, 2022).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

96.     F. Jeffrey Sholey is the Senior Vice President and Chief Financial Officer of Corizon Health.[30] He is also the Senior Vice President and Chief Financial officer for YesCare.[31]

97.     Steven Tomlin is the Senior Vice President, Business Development for Corizon Health.[32] He is also the Senior Vice President of Reentry and Community Partnerships for YesCare.[33]

98.     Gregory Ladele is the Chief Medical Officer for Corizon Health.[34] He is also the Chief Medical Officer for YesCare.[35]

99.     Joseph M. Pastor is the Chief Psychiatric Officer for Corizon Health.[36] He is also the Chief Psychiatric Officer for YesCare.[37]

100.    Mary Silva is the Senior Vice President and Chief Nursing Officer for Corizon Health.[38] She is also the Chief Clinical Officer for YesCare.[39]

101.    Stacie Koch is the Vice President of Operations–Wyoming for Corizon Health.[40] She is also the Vice President of Operations–Wyoming for YesCare.[41]

102.    Latasha McMillan is the Vice President of Operations–Maryland for Corizon Health.[42] She is also the Vice President of Operations–Maryland for YesCare.[43]

---

[30] **Exhibit 25**, F. Jeffrey Sholey bio page, www.corizonhealth.com (last visited September 20, 2022).
[31] https://www.yescarecorp.com/about (last visited September 20, 2022).
[32] **Exhibit 26**, Steven Tomlin bio page, www.corizonhealth.com (last visited September 20, 2022).
[33] https://www.yescarecorp.com/about (last visited September 20, 2022).
[34] **Exhibit 27**, Gregory Ladele bio page, www.corizonhealth.com (last visited September 20, 2022).
[35] https://www.yescarecorp.com/about (last visited September 20, 2022).
[36] **Exhibit 28**, Joseph M. Pastor bio page, www.corizonhealth.com (last visited September 20, 2022).
[37] https://www.yescarecorp.com/about (last visited September 20, 2022).
[38] **Exhibit 29**, Mary Silva bio page, www.corizonhealth.com (last visited September 20, 2022).
[39] https://www.yescarecorp.com/about (last visited September 20, 2022).
[40] **Exhibit 30**, Stacie Koch bio page, www.corizonhealth.com (last visited September 20, 2022).
[41] https://www.yescarecorp.com/about (last visited September 20, 2022).
[42] **Exhibit 31**, Latasha McMillan bio page, www.corizonhealth.com (last visited September 20, 2022).
[43] https://www.yescarecorp.com/about (last visited September 20, 2022).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

103.    Vandelyn Phillips is the Vice President of Operations–City of Philadelphia for
Corizon Health.[44] She is also the Vice President of Operations–City of Philadelphia for YesCare.[45]

**G.  YesCare/CHS TX Use the Same Marketing, Websites, and Social Media.**

104.    Despite its formation mere months ago in January 2022, and its "launch" in May of
this year, YesCare's press release boasts of 40 years of experience in the field, claiming YesCare
"is a leading provider of correctional healthcare services in the United States, offering quality
healthcare services to states and municipalities across the country. Built on more than 40 years of
innovation and expertise, the YesCare team provides services at 52 facilities across the nation,
serving an average of 50,000 patients each day."[46]

105.    YesCare repeats this claim of 40-years of experience on its website, which it lifted
from a substantially similar statement still appearing on Corizon Health's website as of late
September 2022:



As the correctional healthcare pioneer and leader for 40
years, YesCare provides client partners with high quality
healthcare and reentry services that will improve the health
and safety of our patients, break the cycle of recidivism and
better the communities where we live and work.

*YesCare acquired all of the employees and active contracts of
Corizon Health in early 2022.

As the correctional healthcare pioneer and leader for 40 years,
Corizon Health provides client partners with high quality
healthcare and reentry services that will improve the health and
safety of our patients, reduce recidivism and better the
communities where we live and work.

---

[44] **Exhibit 32**, Vandelyn Phillips bio page, www.corizonhealth.com (last visited September 20, 2022).
[45] https://www.yescarecorp.com/about (last visited September 20, 2022).
[46] *Id.* (emphasis added).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

106.    YesCare likewise boasts of "decades of experience providing healthcare in jails and prisons." And on YesCare's careers website, it claims it has been "serving our patients for over 40+ years," and "[o]perating across the US in over 125+ locations."[47]

107.    Not only has YesCare adopted Corizon Health's experience as its own, but it has also adopted Corizon Health's marketing and social media content; a review of YesCare's website and social media reveals references to "Corizon Health" that have yet to be scrubbed. For example, the LinkedIn icon on YesCare's website page takes users to Corizon Health's LinkedIn. The "job postings" link on Corizon Health's website, when it was still active, directed users to careers.yescarecorp.com. Under the "Culture" page of YesCare's career website are several posts showing "Corizon Health" branded banners. Several job postings for management positions for YesCare still contain reference to Corizon Health. As one example of many, a posting for the "Statewide Legal Compliance Director" for YesCare contains the following statements: "By choosing a career with Corizon Health…," "As a Corizon Health professional…," and "Join Corizon Health today."[48]

108.    Further, Corizon Health converted its Twitter, Facebook page, and other social media to "YesCare" branded social media sites. For example, a review of YesCare's Facebook page shows that before May 16, 2022, the page was Corizon Health's Facebook page. To date, YesCare has failed to update the page in its entirety, with mentions of "Corizon Health" sprinkled throughout. *See, e.g.,* "Safety Information" Section ("Corizon Health has partnered with the National Patient Safety Foundation . . . Corizon Health is also one of the only correctional healthcare providers who . . .").

---

[47] https://www.yescarecorp.com (last visited September 26, 2022).
[48] https://careers.yescarecorp.com/hanover-md/statewide-legal-compliance-director/22840D3730C44CAEAA11415E950A2F2B/job/ (last visited September 20, 2022).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**H.  YesCare and CHS TX Publicly Hold Themselves Out as Corizon Health's Successor with a "Name Change."**

109.    Not only is YesCare performing Corizon Health's contracts, employing Corizon Health's employees and management, and utilizing Corizon Health's headquarters, it is actively holding itself out to Corizon Health's clients as Corizon Health's successor.[49] Indeed, YesCare's own public-facing statements confirm that the transition from "Corizon Health" to "YesCare" is nothing more than a "name change,"[50] boasting that the change from Corizon Health to YesCare was a "thoughtfully constructed strategy to guide the company through a pivotal time" conducted by YesCare's "experienced team," and that YesCare is nonetheless "utilizing all of its corporate resources, and those of its related companies, to meet staffing needs."[51]

110.    For example, on April 26, 2022, Sara Tirschwell wrote an article regarding the Opioid Crisis, and described herself as "CEO of Corizon, Soon to be YesCare."[52] In the article, Ms. Tirschwell states "**Among our patient population at Corizon, soon to be YesCare**, close to half battle drug dependence."[53]

111.    On Friday, May 13, 2022, two days after Plaintiffs filed this lawsuit, Corizon Health informed certain clients—but not Plaintiffs—that on the following Monday, May 16, 2022, it would publicly announce that "Corizon Health is now YesCare."[54]

112.    On June 1, 2022, YesCare's (and formerly Corizon Health's) in-house counsel Jennifer Finger made edits to a yet-to-be signed Memorandum of Understanding involving

---

[49] *See, e.g.,* **Exhibit 33**, May 13, 2022 Email to St. Clair County Jail Administrator (subject: "Excited to announce that Corizon Health is now YesCare"); **Exhibit 30**, May 13, 2022 Email from K. Davies to Brevard County Sheriff's Office.

[50] **Exhibit 10**, Email from K. Davies to Brevard County Sheriff's Dept., June 2, 2022; **Exhibit 11**, Email from S. Koch to Wyoming DOC client, June 3, 2022.

[51] *Id.*

[52] **Exhibit 3**, April 26, 2022 The Well News Article.

[53] *Id.* (emphasis added).

[54] **Exhibit 33**, May 13, 2022 Email to St. Clair County Jail Administrator (subject: "Excited to announce that Corizon Health is now YesCare"); **Exhibit 34**, May 13, 2022 Email from K. Davies to Brevard County Sheriff's Office.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

YesCare and the Brevard County Sheriff's Office. In the edits, she changed the name of the contracting party from "YesCare Inc. (f/k/a Corizon Health)," to "CHS TX, Inc. d/b/a YesCare, **successor by merger to the rights and obligations of Corizon Health, Inc.,** hereunder ("YesCare.")."[55]

113.    On May 13, 2022, Ms. Tirschwell circulated a "YesCare Announcement–Client Email" draft to Corizon Health/YesCare's management for circulation to Corizon Health's existing clients. The subject line of the email is "Excited to Announce that Corizon Health is now YesCare."[56]

114.    In the body of the email, Ms. Tirschwell explains, "Monday morning, we will be announcing that the dedicated employees of Corizon Health have teamed up with a healthcare conglomerate to create YesCare" to "drive the company's next chapter as a leading correctional healthcare company." Ms. Tirschwell's email explained this transition "will not impact our service to you in any way." The email invited Corizon Health's clients to "join us in our excitement for this next stage of innovative and compassionate care, under the YesCare name."

115.    That same day, various Corizon Health management sent this exact email to Corizon Health clients.[57]

116.    On May 16, 2022, Sara Tirschwell tweeted, "Today marks a new era in correctional healthcare as Corizon Health officially becomes @YesCare! I'm proud of the work our team has done during this transition into a better model of care."

---

[55] **Exhibit 35**, Email from Jennifer Finger to Steve Tomlin, June 1, 2022; **Exhibit 36**, p. 2, Jennifer Finger's edits to MOU, file name "20-O-BJA-2022 – 171096 SUD Reentry Grant_MOU_LM edits 06.1.22."
[56] **Exhibit 37**, May 13, 2022 Davies to D. Singleton.
[57] **Exhibit 33**, May 13, 2022 Email to St. Clair County Jail Administrator (subject: "Excited to announce that Corizon Health is now YesCare"); **Exhibit 37**, May 13, 2022 Davies to D. Singleton.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM



117.    Likewise, on June 2, 2022, YesCare Corp.'s (and Corizon Health's) Senior Vice President Karen Davies emailed an existing Corizon Health client about the details regarding the change from YesCare to Corizon Health. "**As a follow up to our announcement on our name change**," Ms. Davies explained:

> YesCare acquired all the active business of Corizon. As part of this acquisition, your contract with Corizon is now vested in CHS TX, LLC ("CHS"), a wholly-owned subsidiary of YesCare . . . . Because CHS was split from Corizon through a merger transaction, your contract has not been assigned or transferred.[58]

118.    Ms. Davies confirmed that the transition to "YesCare" was a mere continuation of Corizon Health's business, explaining: "**[t]here are no operational changes related to this transaction. Staff, P&P, contract structures, etc. will all remain the same**."[59]

119.    Ms. Davies characterized the change to "YesCare" as a "re-branding" accompanied with significant financial backing: "Under our new ownership, we are . . . under the ownership of a healthcare corporation . . . . **This affords our re-branded organization with** . . . **backing of a**

---

[58] **Exhibit 10**, Email from K. Davies to Brevard County Sheriff's Dept., June 2, 2022 (emphasis added).
[59] *Id.* (emphasis added).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**large healthcare conglomerate with multitudes of resources for us to leverage[] and strong financial and leadership stability**."[60]

120.    Ms. Davies confirmed that YesCare would be using the same bank account as Corizon Health: "There will be no change in bank account information at this time."[61]

121.    Ms. Davies further described one of YesCare's wholly-owned subsidiaries as the "successor contracting entity" because "of the merger transaction."[62]

122.    And on June 3, 2022, Stacie Koch, YesCare's (and Corizon Health's) Vice President of Operations for Wyoming, sent the exact same email to a Wyoming client.[63] In an email titled "Name change/Invoicing," Ms. Koch said she was following up on "**our announcement on our name change**," and copied verbatim Ms. Davies' email from the day before.[64]

123.    In the course of assuming Corizon Health's operations, YesCare circulated a "Client Q&A" which further confirms YesCare as Corizon Health's successor.

124.    In the Client Q&A, YesCare answers questions like "**Why is Corizon becoming YesCare?**"[65]

125.    In the Client Q&A, YesCare confirms that YesCare's federal ID number is the same as Corizon Health's, and that "no changes [will] be made to the existing agreement."[66]

126.    In response to the question "**Will this change who we work with day-to-day?**" YesCare states "As you know, we have already made organizational changes. **We have a new**

---

[60] **Exhibit 10**, Email from K. Davies to Brevard County Sheriff's Dept., June 2, 2022 (emphasis added).
[61] *Id.*
[62] *Id.*
[63] **Exhibit 11**, Email from S. Koch to Wyoming DOC client, June 3, 2022.
[64] *Id.* (emphasis added).
[65] **Exhibit 38**, YesCare Client Q&A (emphasis added).
[66] *Id.*

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

**name**; we have higher expectations, and we intend to only increase the support and responsiveness of your company contacts."[67]

127.    In response to the question, "**Are any of the services you provide at our facility changing?**" YesCare responds, "No, the current services we provide at your facility will continue."[68]

### I. Corizon Health, YesCare, and CHS TX Are Liable for the Amounts Owed to Plaintiffs under the Agreement.

128.    Plaintiffs provided all at-issue services to Corizon Health before Corizon Health restructured; likewise, the amounts Corizon Health owes Plaintiffs under the Agreement (exclusive of interest) were incurred well before Corizon Health restructured to avoid those liabilities.

129.    Defendants' actions described herein establish that YesCare and CHS TX are liable as Corizon Health's successors for the amounts owed to Plaintiffs under the Agreement.

130.    Defendants' restructuring scheme was conducted fraudulently to escape liability for Corizon Health's debts and liabilities. In pursuit of this scheme, Defendants intended to and did induce Plaintiffs to perform under the Agreement by assuring Plaintiffs that Corizon Health would pay the amounts owed. Defendants intended that Plaintiffs rely on their representations to induce Plaintiffs to continue to perform under the Agreement to their detriment, and Plaintiffs did so rely. Had Plaintiffs known Defendants had no intention of paying the amounts owed under the Agreement and instead intended to conduct a fraudulent scheme to transfer Corizon Health's assets, Plaintiffs would have ceased performance under the Agreement and pursued legal action against Corizon Health before it enacted its restructuring scheme.

---

[67] **Exhibit 38**, YesCare Client Q&A (emphasis added).
[68] *Id.*

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

131.    Further, Defendants' restructuring scheme amounts to a de-facto consolidation or merger. While Corizon Health remains in existence as a shell company, it has functionally ceased to exist, with the entirety of its operations and assets now with YesCare and CHS TX. Corizon Health retains no active contracts and conducts no business. YesCare and CHS TX have taken over Corizon Health's entire management team, employee base, contracts, bank accounts, assets, federal ID number, corporate headquarters, and good will.

132.    Likewise, YesCare and CHS TX are a mere continuation of Corizon Health: as is described below, Defendants retain identical incorporators, officers and directors, engage in the identical business, maintain the same employees, maintain the same contracts and customers, and maintain the same federal ID number, bank accounts, property, and headquarters.

133.    Defendants' actions as described herein show a course of conduct designed to hinder and prevent Plaintiffs from collecting the amounts owed under the Agreement, and are "fraudulent transfers" under Mo. Rev. Stat. § 428.024, which provides that a transfer made with the actual intent to hinder, delay, or defraud a creditor is a fraudulent transfer.

**COUNT I:**
**BREACH OF CONTRACT**
***All Defendants***

134.    Plaintiffs reallege and incorporate by reference each and every allegation in the previous paragraphs as though fully set forth herein.

135.    Plaintiffs and Defendants are parties to a valid and enforceable contract, the Agreement (Exhibit 1).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

136.    The Agreement and amendments thereto define "Corizon Health" under the Agreement as "Corizon, LLC . . . acting for itself or on behalf of any/all/other affiliated companies."[69]

137.    Corizon Health, as the purported surviving entity from the four-way merger with Corizon, LLC, is bound to the Agreement.

138.    Because Corizon Health, YesCare, and CHS TX are "directly or indirectly through one (1) or more intermediaries, controls, or is controlled by, or is under common control with, Corizon Health" they are each an "Affiliated Entity" under the Agreement.

139.    Thus, Corizon Health, YesCare, and CHS TX are liable to Plaintiffs for the amounts owed under the Agreement.

140.    Alternatively, YesCare and CHS TX are liable as successors-in-interest to Corizon Health.

141.    Plaintiffs substantially performed their obligations under the terms of the Agreement.

142.    Plaintiffs timely submitted Completed Claims to Defendants pursuant to the terms of the Agreement.

143.    Plaintiffs requested payment for Health Care Services rendered to Patients pursuant to the terms of the Agreement.

144.    Defendants failed to timely pay Plaintiffs all outstanding submitted Completed Claims, including interest due and owing under the Agreement.

145.    Defendants failed to pay Plaintiffs for all Health Care Services rendered to Patients, including interest due and owing under the Agreement.

---

[69] Exhibit 1, First Amendment to Hospital Services Agreement, dated November 1, 2016, p. 1.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

146.    Defendants' non-payment of outstanding Completed Claims, including interest at the rate provided in the Agreement, constitutes breaches of the Agreement.

147.    Defendants' non-payment for all Health Care Services rendered to Patients, including interest at the rate provided in the Agreement, constitutes breaches of the Agreement.

148.    As a direct and proximate result of Defendants' breaches of the Agreement, Plaintiffs have sustained damages that are continuing in nature in an amount to be determined at trial.

**<u>COUNT II:</u>**
**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**
***All Defendants***

149.    Alternatively, Defendants breached the implied covenant of good faith and fair dealing.

150.    Plaintiffs reallege and incorporate by reference paragraphs 1-148 as though fully set forth herein.

151.    Plaintiffs and Defendants are parties to a valid and enforceable contract, the Agreement (Exhibit 1).

152.    The Agreement and amendments thereto define "Corizon Health" under the Agreement as "Corizon, LLC . . . acting for itself or on behalf of any/all/other affiliated companies."

153.    Corizon Health, as the purported surviving entity from the four-way merger with Corizon, LLC, is bound to the Agreement.

154.    Because Corizon Health, YesCare and CHS TX are "directly or indirectly through one (1) or more intermediaries controls, or is controlled by, or is under common control with, Corizon Health" they are each an "Affiliated Entity" under the Agreement.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

155.    Thus, Corizon Health, YesCare, and CHS TX are liable to Plaintiffs for the amounts owed under the Agreement.

156.    Plaintiffs timely submitted Completed Claims to Defendants for Health Care Services provided to Patients in accordance with the terms of the Agreement.

157.    Plaintiffs submitted requests for payment to Defendants for Health Care Services provided to Patients.

158.    Plaintiffs expected to receive payment for the Completed Claims submitted to Defendants.

159.    Plaintiffs expected to receive payment for Health Care Services provided to Patients.

160.    Despite Plaintiffs' expectation of payment for the Completed Claims, Defendants decided to withhold payment from Plaintiffs.

161.    Despite Plaintiffs' expectation of payment for Health Care Services provided to Patients, Defendants decided to withhold payment from Plaintiffs.

162.    Defendants' decision to withhold payment for Completed Claims evades the spirit of the Agreement so as to deny Plaintiffs the expected benefit of payment for Completed Claims.

163.    Defendants' decision to withhold payment for Health Care Services provided to Patients evades the spirit of the Agreement so as to deny Plaintiffs the expected benefit of payment for Health Care Services provided to Patients.

164.    As a result of the aforementioned conduct, Defendants breached the Agreement's implied covenant of good faith and fair dealing.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

165.    Accordingly, Defendants' breach of the implied covenant of good faith and fair dealing directly and proximately caused Plaintiffs' damages that are continuing in nature in an amount to be determined at trial.

### COUNT III:
### SUCCESSOR LIABILITY
**Express and/or Implied Agreement to Assume Debts and/or Liabilities**
***YesCare Corp. and CHS TX, Inc.***

166.    Plaintiffs reallege and incorporate by reference paragraphs 1-165 as though fully set forth herein.

167.    On January 31, 2022, YesCare was created.

168.    Corizon Health, Inc., Valitas Health Services, Inc., Corizon Health of New Jersey, LLC, and Corizon, LLC completed a four-way merger, wherein the only surviving entity was Corizon Health, Inc.

169.    Corizon Health then split into two entities: Corizon Health, and CHS TX.

170.    CHS TX became a wholly-owned subsidiary of YesCare.

171.    Corizon Health transferred all or substantially all of its assets to CHS TX.

172.    The Agreement and amendments thereto define "Corizon Health" under the Agreement as "Corizon, LLC . . . acting for itself or on behalf of any/all/other affiliated companies," which encompasses Corizon Health, Inc., CHS TX, Inc., and YesCare Corp.

173.    Additionally, "Affiliated Entity" under the Agreement "means any entity who directly or indirectly through one (1) or more intermediaries, controls, or is controlled by, or is under common control with, Corizon Health," which encompasses Corizon Health, Inc., CHS TX, Inc., and YesCare Corp.

174.    Consequently, under the Agreement and amendments thereto, CHS TX, Inc. and/or YesCare Corp. expressly or impliedly agreed to assume the debts and/or liabilities of Corizon,

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

LLC and/or Corizon Health, Inc. with respect to Health Care Services provided by Plaintiffs to Patients.

175.    Accordingly, YesCare Corp. and CHS TX, Inc. are the successors to Corizon Health, Inc. and/or Corizon, LLC, and are liable to Plaintiffs for the amounts owed under the parties' Agreement.

**COUNT IV:**
**SUCCESSOR LIABILITY**
**De Facto Merger**
***YesCare Corp. and CHS TX, Inc.***

176.    Plaintiffs reallege and incorporate by reference paragraphs 1-175 as though fully set forth herein.

177.    On January 31, 2022, YesCare was created.

178.    Corizon Health, Inc., Valitas Health Services, Inc., Corizon Health of New Jersey, LLC, and Corizon, LLC completed a four-way merger, wherein the only surviving entity was Corizon Health, Inc.

179.    Corizon Health then split into two entities: Corizon Health and CHS TX.

180.    CHS TX became a wholly-owned subsidiary of YesCare.

181.    Corizon Health transferred all or substantially all of its assets to CHS TX.

182.    More particularly, business assets, including contracts and employees, of Corizon Health, Inc. were transferred to YesCare and CHS TX in early 2022.

183.    YesCare and CHS TX assumed the liabilities of Corizon Health necessary for the uninterrupted continuation of Corizon Health's business, including rent, electricity, salaries, wages, and business services expenses.

184.    Management of Corizon Health was continued in YesCare and CHS TX through the same leadership team, including the same CEO, Sara Tirschwell.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

185. Personnel employed by Corizon Health continued to be employed by YesCare and CHS TX following the transfer of Corizon Health's assets to YesCare and CHS TX.

186. Following the transfer of Corizon Health's assets to YesCare and CHS TX, YesCare and CHS TX continued business at the same address as Corizon Health.

187. Following the transfer of Corizon Health's assets to YesCare and CHS TX, YesCare retained the same federal ID number and bank accounts as Corizon Health.

188. Indeed, YesCare specifically informed Corizon Health's former customers that the services they received from Corizon Health would continue through YesCare.

189. Upon information and belief, the same individuals who have an ownership interest in Corizon Health have an ownership interest in YesCare and CHS TX.

190. Following the transfer, Corizon Health ceased its ordinary business operations.

191. Corizon Health no longer provides healthcare in jails and/or prisons.

192. Corizon Health became a mere shell entity, with insufficient assets to cover liabilities.

193. Because Corizon Health retained only expired contracts, on information and belief, it will dissolve as soon as legally and practically possible.

194. Following the cessation of Corizon Health's business, YesCare and CHS TX have conducted the same business operation with the same clients.

195. Specifically, CHS TX (and consequently, YesCare) received all of the active contracts of Corizon Health, which are necessary for the uninterrupted continuation of normal business operations.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

196.     Despite only being incorporated in January of 2022, YesCare holds itself out to the public as a company with "more than 40 years of experience as the leading provider of correctional healthcare," assuming as its own Corizon Health's public-facing marketing statements.

197.     Accordingly, Defendants YesCare and CHS TX are the successors to Corizon Health and are therefore liable to Plaintiffs for the amounts owed under the parties' Agreement by reason of their de facto merger with Corizon Health.

**COUNT V:**
**SUCCESSOR LIABILITY**
**Mere Continuation**
***YesCare Corp. and CHS TX, Inc.***

198.     Plaintiffs reallege and incorporate by reference paragraphs 1-197 as though fully set forth herein.

199.     On January 31, 2022, YesCare was created.

200.     Corizon Health, Inc., Valitas Health Services, Inc., Corizon Health of New Jersey, LLC, and Corizon, LLC completed a four-way merger, wherein the only surviving entity was Corizon Health, Inc.

201.     Corizon Health then split into two entities: Corizon Health, and CHS TX.

202.     CHS TX became a wholly-owned subsidiary of YesCare.

203.     Corizon Health transferred all or substantially all of its assets to CHS TX.

204.     There is common identity of officers, directors, and stockholders of YesCare, CHS TX, and Corizon Health.

205.     The incorporators of YesCare, CHS TX, and Corizon Health are common.

206.     The business operations of YesCare and/or CHS TX are identical to the business operations of Corizon Health.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

207.    YesCare, CHS TX, and Corizon Health are manifestations of the same business enterprise under the same real ownership, management, and control.

208.    YesCare and CHS TX assumed all employees and active contracts of Corizon Health.

209.    YesCare and CHS TX conduct the exact same business as Corizon Health, and have the same headquarters, directors, management, employees, contracts, clients, property, and use the same marketing and social media sites.

210.    YesCare and CHS TX retain the same federal identification number and bank account(s) as Corizon Health.

211.    YesCare holds itself out to the public as the same company as Corizon Health, re-branded with a "name change."

212.    Despite only being incorporated in January of 2022, YesCare claims it is a company with "more than 40 years of experience as the leading provider of correctional healthcare," assuming as its own Corizon Health's public-facing marketing statements.

213.    YesCare informed Corizon Health's employees and customers about the change to YesCare.

214.    Accordingly, YesCare and CHS TX are the successors to Corizon Health and are liable to Plaintiffs for the amounts owed under the parties' Agreement by reason of being a mere continuation of Corizon Health.

<u>COUNT VI:</u>
**SUCCESSOR LIABILITY**
**Intent to Defraud Creditors**
***YesCare Corp. and CHS TX, Inc.***

215.    Plaintiffs reallege and incorporate by reference paragraphs 1-214 as though fully set forth herein.

37

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

216.    On January 31, 2022, YesCare was created.

217.    Corizon Health, Inc., Valitas Health Services, Inc., Corizon Health of New Jersey, LLC, and Corizon, LLC completed a four-way merger, wherein the only surviving entity was Corizon Health, Inc.

218.    Corizon Health then split into two entities: Corizon Health, and CHS TX.

219.    CHS TX became a wholly-owned subsidiary of YesCare.

220.    Corizon Health transferred all or substantially all of its assets to CHS TX.

221.    YesCare and CHS TX were formed to frustrate and evade the creditors of Corizon Health.

222.    Corizon Health's conveyance of assets was to affiliated entities, CHS TX and YesCare.

223.    The conveyance from Corizon Health to CHS TX and YesCare was for inadequate consideration.

224.    The transfer of assets from Corizon Health to CHS TX and YesCare were different from Corizon Health's usual method of transacting business.

225.    The transfer of assets from Corizon Health to CHS TX and YesCare were made in anticipation of suit.

226.    The transfer of assets from Corizon Health to CHS TX and YesCare were made so that the assets of Corizon Health could be retained by the same ownership.

227.    The transfer of assets from Corizon Health to CHS TX and YesCare resulted in the transfer of nearly all of the Corizon Health's property.

228.    Corizon Health is rendered insolvent by the transfer of its assets to CHS TX and YesCare.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

229.     Corizon Health, CHS TX, and YesCare are unable to produce rebutting evidence to demonstrate the circumstances surrounding the transfer of Corizon Health's assets to CHS TX and YesCare are not suspicious.

230.     YesCare and CHS TX resumed the operations of Corizon Health to frustrate and evade the creditors of Corizon Health, including Plaintiffs, with respect to the amounts owed under the parties' Agreement.

231.     Accordingly, YesCare and CHS TX are the successors to Corizon Health, and are liable to Plaintiffs for the amounts owed under the parties' Agreement by reason of their intent to defraud Corizon Health's creditors.

**<u>COUNT VII:</u>**
**COMMON LAW FRAUD and CONSPIRACY TO COMMIT COMMON LAW FRAUD**
***All Defendants***

232.     Plaintiffs reallege and incorporate by reference paragraphs 1-231 as though fully set forth herein.

233.     With an intent to hinder, delay, and defraud Plaintiffs of the obligations owed them under the Agreement, Defendants participated in, and continue to participate in, by a meeting of the minds, a civil conspiracy to prevent Plaintiffs from collecting on the obligations owed them under said Agreement by Corizon Health.

234.     In pursuit of this conspiracy, Defendants intended to and did induce Plaintiffs to perform under the Agreement by assuring Plaintiffs that Corizon Health would pay the amounts owed under the Agreement, including interest.

235.     Defendants intended that Plaintiffs rely on their representations to induce Plaintiffs to continue to perform under the Agreement to their detriment.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

236.    Plaintiffs relied on Defendants' assurances by continuing to perform their obligations under the Agreement.

237.    After the termination of the Agreement but before restructuring, and in pursuit of the conspiracy, Corizon Health knowingly and falsely represented to Plaintiffs that Corizon Health intended to pay Plaintiffs the amounts due and owing under the Agreement.

238.    In the midst of Defendants' spring 2022 restructuring scheme, Corizon Health intentionally told vendors, like Plaintiffs, to "wait 30 days for clean up" of outstanding payments to delay vendors from taking action against it while it restructured in an attempt to make Corizon Health's assets judgment proof.

239.    Corizon Health induced Plaintiffs to rely on assurances that Corizon Health would pay the amounts owed under the Agreement, allowing Defendants time to fraudulently convey to YesCare and CHS TX the assets of Corizon Health to avoid payment to Plaintiffs.

240.    Had Plaintiffs known Defendants had no intention of paying the amounts owed under the Agreement, Plaintiffs would have ceased performance under the Agreement.

241.    Had Plaintiffs known Defendants intended to conduct a fraudulent scheme to transfer Corizon Health's assets, Plaintiffs would have pursued legal action against Corizon Health before Corizon Health enacted its restructuring scheme to strip Corizon Health of its assets.

242.    Plaintiffs have sustained damages directly and proximately caused by Defendants' fraud. Plaintiffs have and continue to be damaged as Defendants' fraud and civil conspiracy to commit fraud has prevented Plaintiffs from collecting the amounts owed under the Agreement by Defendants.

243.    Accordingly, Defendants have and continue to be engaged in such intentional conduct without just cause and with a deliberate and flagrant disregard for Plaintiffs' rights in

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

order to prevent Plaintiffs from collecting on the obligations owed them under the Agreement by Corizon Health, such that Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and deter like conduct.

**COUNT VIII:**
**FRAUDULENT TRANSFER**
**Pursuant to the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005 *et***
***seq.***
***Corizon Health***

244.    Plaintiffs reallege and incorporate by reference paragraphs 1-243 as though fully set forth herein.

245.    Plaintiffs have filed this action, in part, under the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. § 428.005 *et seq.*, and are seeking all relief and remedies available under that Act.

246.    Plaintiffs are, and have been at all times material hereto, "creditors" under the Act as they are each a "person who has a claim" against Corizon Health under Mo. Rev. Stat. § 428.009(4).

247.    Corizon Health is, and has been at all times material hereto, a "debtor" that owes liability to Plaintiffs on a "claim" under Mo. Rev. Stat. § 428.009.

248.    Corizon Health admits it owes $11,174,365.50 to Plaintiffs under the Agreement.

249.    The damages owed to Plaintiffs, including the $11,174,365.50 that Corizon Health admits it owes, are a "claim" under Mo. Rev. Stat. § 428.009(3) because they are "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

250.    Corizon Health's transfer of substantially all of its assets to YesCare and CHS TX is a "transfer" under Mo. Rev. Stat. § 428.009(12).

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

251.    Corizon Health's transfer of substantially all of its assets to YesCare and CHS TX is fraudulent under Mo. Rev. Stat. § 428.024(1) because Corizon Health made the transfer to YesCare and CHS TX with the actual intent to hinder, delay, or defraud Plaintiffs, creditors of Corizon Health.

252.    Corizon Health demonstrated actual intent under Mo. Rev. Stat. § 428.024(1) to defraud Plaintiffs because, among other things:

   a.   Before termination of the Agreement, Corizon Health represented to Plaintiffs that it would pay Plaintiffs for the outstanding Completed Claims under the terms of the Agreement;

   b.   After termination of the Agreement, and after Plaintiffs had performed and billed for all services required under the Agreement, Corizon Health continued to represent that it would pay Plaintiffs for those services;

   c.   Defendants concealed, and did not disclose, the restructuring of assets to Plaintiffs and did not make Plaintiffs aware, at any stage prior to the litigation commencing, that it had no intention of paying the amounts due under the Agreement;

   d.   The transfer by Corizon Health was to insiders, namely, YesCare and CHS TX;

   e.   The transfer by Corizon Health was of substantially all of the assets of Corizon Health;

   f.   The value of the consideration received by Corizon Health was not reasonably equivalent to the value of the assets transferred to YesCare and CHS TX;

   g.   Corizon Health became insolvent as a result of the transfer;

   h.   Corizon Health transferred substantially all of its assets shortly after Plaintiffs' claims against Corizon Health had accrued.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

253.     In transferring Corizon Health's assets to YesCare and CHS TX for inadequate or no consideration, Corizon Health actually intended to hinder, delay, or defraud Plaintiffs with respect to amounts owed to Plaintiffs by Corizon Health pursuant to the parties' Agreement.

254.     Plaintiffs have and continue to be damaged as Corizon Health's fraudulent transfer has prevented Plaintiffs from collecting the amounts owed under the Agreement by Corizon Health.

255.     Defendants have and continue to be engaged in such intentional conduct without just cause and with a deliberate and flagrant disregard for Plaintiffs' rights in order to prevent Plaintiffs from collecting on the obligations owed them under the Agreement by Corizon Health, such that Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and deter like conduct.

256.     As a direct and proximate result of the fraudulent transfer, Plaintiffs have been damaged and are entitled to the avoidance of the transfer to the extent necessary to satisfy the debt owed to Plaintiffs, attachment or garnishment against the assets transferred or other property of YesCare, and an injunction against further disposition by Defendants of the assets transferred or of other property.

**COUNT IX:**
**CIVIL CONSPIRACY TO ENGAGE IN A FRAUDULENT TRANSFER**
**Pursuant to the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005 *et seq.***
***All Defendants***

257.     Plaintiffs reallege and incorporate by reference paragraphs 1-256 as though fully set forth herein.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

258.    Plaintiffs have filed this action, in part, under the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. § 428.005 *et seq.*, and are seeking all relief and remedies available under that Act.

259.    Plaintiffs are, and have been at all times material hereto, "creditors" under the Act as they are each a "person who has a claim" against Corizon Health under Mo. Rev. Stat. § 428.009(4).

260.    Corizon Health is, and has been at all times material hereto, a "debtor" that owes liability to Plaintiffs on a "claim" under Mo. Rev. Stat. § 428.009.

261.    Corizon Health admits it owes $11,174,365.50 to Plaintiffs under the Agreement.

262.    The damages owed to Plaintiffs, including the $11,174,365.50 that Corizon Health admits it owes, are a "claim" under Mo. Rev. Stat. § 428.009(3) because they are "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

263.    Corizon Health, YesCare, and CHS TX met, joined together, planned, conspired, and agreed to create a scheme for transferring assets out of the control of Corizon Health for the purpose of rendering Corizon Health insolvent and unable to pay Plaintiffs, its creditors.

264.    The scheme agreed to by Corizon Health, YesCare, and CHS TX included stripping Corizon Health of its assets and allocating them to YesCare and CHS TX, both incorporated and controlled by the same individuals responsible for Corizon Health, to insulate Corizon Health from the threat of a receiver or creditors collecting on debts owed by Corizon Health.

265.    Corizon Health, YesCare, and CHS TX agreed or understood that the purpose of their agreement was unlawful and would result in injury to Plaintiffs and others, and understood that each would act in concert with the others to achieve this purpose.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

266.     Corizon Health's transfer of substantially all of its assets to YesCare and CHS TX is a "transfer" under Mo. Rev. Stat. § 428.009(12) that is fraudulent under Mo. Rev. Stat. § 428.024(1) because Defendants conspired to make the transfer to YesCare and CHS TX with the actual intent to hinder, delay, or defraud Plaintiffs, creditors of Corizon Health.

267.     Defendants demonstrated actual intent under Mo. Rev. Stat. § 428.024(1) to defraud Plaintiffs because, among other things:

a.  Before termination of the Agreement, Corizon Health represented to Plaintiffs that it would pay Plaintiffs for the outstanding Completed Claims under the terms of the Agreement;

b.  After termination of the Agreement, and after Plaintiffs had performed and billed for all services required under the Agreement, Corizon Health continued to represent that it would pay Plaintiffs for those services;

c.  Defendants concealed, and did not disclose, the restructuring of assets to Plaintiffs and did not make Plaintiffs aware, at any stage prior to the litigation commencing, that it had no intention of paying the amounts due under the Agreement;

d.  The transfer by Corizon Health was to insiders, namely, YesCare and CHS TX;

e.  The transfer by Corizon Health was of substantially all of the assets of Corizon Health;

f.  The value of the consideration received by Corizon Health was not reasonably equivalent to the value of the assets transferred to YesCare and CHS TX;

g.  Corizon Health became insolvent as a result of the transfer;

h.  Corizon Health transferred substantially all of its assets shortly after Plaintiffs' claims against Corizon Health had accrued.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

268.     In conspiring to transfer Corizon Health's assets to YesCare and CHS TX for inadequate or no consideration, Defendants actually intended to hinder, delay, or defraud Plaintiffs with respect to amounts owed to Plaintiffs by Corizon Health pursuant to the parties' Agreement.

269.     Defendants have and continue to knowingly participate in the civil conspiracy involving the aforesaid fraudulent conveyance scheme and have benefitted from it.

270.     Plaintiffs have and continue to be damaged as Defendants' civil conspiracy to commit fraudulent transfer has prevented Plaintiffs from collecting the amounts owed under the Agreement by Corizon Health.

271.     Defendants have and continue to be engaged in such intentional conduct without just cause and with a deliberate and flagrant disregard for Plaintiffs' rights in order to prevent Plaintiffs from collecting on the obligations owed them under the Agreement by Corizon Health, such that Plaintiffs are entitled to an award of punitive damages in an amount sufficient to punish and deter like conduct.

272.     As a direct and proximate result of the fraudulent transfer, Plaintiffs have been damaged and are entitled to the avoidance of the transfer to the extent necessary to satisfy the debt owed to Plaintiffs, attachment or garnishment against the assets transferred or other property of YesCare, and an injunction against further disposition by Defendants of the assets transferred or of other property.

### COUNT X:
### CONSTRUCTIVE FRAUDULENT TRANSFER
### Pursuant to the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005 *et seq.*
### *Corizon Health*

273.     Plaintiffs reallege and incorporate by reference paragraphs 1-272 as though fully set forth herein.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

274.    Plaintiffs have filed this action, in part, under the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. § 428.005 *et seq.*, and are seeking all relief and remedies available under that Act.

275.    Plaintiffs are, and have been at all times material hereto, "creditors" under the Act as they are each a "person who has a claim" against Corizon Health under Mo. Rev. Stat. § 428.009(4).

276.    Corizon Health is, and has been at all times material hereto, a "debtor" that owes liability to Plaintiffs on a "claim" under Mo. Rev. Stat. § 428.009.

277.    Corizon Health admits it owes $11,174,365.50 to Plaintiffs under the Agreement.

278.    The damages owed to Plaintiffs, including the $11,174,365.50 that Corizon Health admits it owes, are a "claim" under Mo. Rev. Stat. § 428.009(3) because they are "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

279.    The transfer by Corizon Health to YesCare and CHS TX of substantially all assets is a fraudulent transfer under Mo. Rev. Stat. § 428.024 because Corizon Health did not receive reasonably equivalent value in exchange for the transfer of its assets and Corizon Health was engaged in a business or transaction with Plaintiffs for which the remaining assets of Corizon Health (approximately $1 million in cash) were unreasonably small in relation to the business or transaction (the approximately $12 million owed to Plaintiffs alone).

280.    The transfer by Corizon Health to YesCare and CHS TX of substantially all assets is likewise fraudulent transfer under Mo. Rev. Stat. § 428.024 because Corizon Health intended to incur, or believed or reasonably should have believed that it would incur debts beyond their ability

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

to pay as they became due; namely, the amounts owed by Corizon Health to Plaintiffs under the Agreement.

281.    The transfers by Corizon Health is also a fraudulent transfer under Mo. Rev. Stat. § 428.029(1) because Plaintiffs' claims against Corizon Health arose before the transfer and Corizon Health did not receive reasonably equivalent value in exchange for the assets transferred, and Corizon Health was either insolvent at that time or became insolvent as a result of the transfer.

282.    By virtue of participating in and committing these fraudulent transfers, Corizon Health is liable to Plaintiffs. Plaintiffs have been damaged, in part, because they may no longer collect money owed to them by Corizon Health because Corizon Health transferred assets from itself, leaving it effectively insolvent.

283.    Corizon Health's actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and reckless indifference to the rights of Plaintiffs, thereby warranting the imposition of punitive damages to punish Defendants and to deter others from like conduct.

### COUNT XI:
### CONSPIRACY TO ENGAGE IN A CONSTRUCTIVE FRAUDULENT TRANSFER
### Pursuant to the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005 *et seq.*
### *All Defendants*

284.    Plaintiffs reallege and incorporate by reference paragraphs 1-283 as though fully set forth herein.

285.    Plaintiffs have filed this action, in part, under the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. § 428.005 *et seq.*, and are seeking all relief and remedies available under that Act.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

286.    Plaintiffs are, and have been at all times material hereto, "creditors" under the Act as they are each a "person who has a claim" against Corizon Health under Mo. Rev. Stat. § 428.009(4).

287.    Corizon Health is, and has been at all times material hereto, a "debtor" that owes liability to Plaintiffs on a "claim" under Mo. Rev. Stat. § 428.009.

288.    Corizon Health admits it owes $11,174,365.50 to Plaintiffs under the Agreement.

289.    The damages owed to Plaintiffs, including the $11,174,365.50 that Corizon Health admits it owes, are a "claim" under Mo. Rev. Stat. § 428.009(3) because they are "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

290.    Corizon Health, YesCare, and CHS TX met, joined together, planned, conspired, and agreed to create a scheme for transferring assets out of the control of Corizon Health for the purpose of rendering Corizon Health insolvent and unable to pay Plaintiffs, its creditors.

291.    The scheme agreed to by Corizon Health, YesCare, and CHS TX included stripping Corizon Health of its assets and allocating them to YesCare and CHS TX, both incorporated and controlled by the same individuals responsible for Corizon Health, to insulate Corizon Health from the threat of a receiver or creditors collecting on debts owed by Corizon Health.

292.    Corizon Health, YesCare, and CHS TX agreed or understood that the purpose of their agreement was unlawful and would result in injury to Plaintiffs and others, and understood that each would act in concert with the others to achieve this purpose.

293.    The transfer by Corizon Health to YesCare and CHS TX of substantially all assets is a fraudulent transfer under Mo. Rev. Stat. § 428.024 because Corizon Health did not receive reasonably equivalent value in exchange for the transfer of its assets and Corizon Health was

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

engaged in a business or transaction with Plaintiffs for which the remaining assets of Corizon Health (approximately $1 million in cash) were unreasonably small in relation to the business or transaction (the approximately $12 million owed to Plaintiffs alone).

294.    The transfer by Corizon Health to YesCare and CHS TX of substantially all assets is likewise fraudulent transfer under Mo. Rev. Stat. § 428.024 because Corizon Health intended to incur, or believed or reasonably should have believed that it would incur debts beyond their ability to pay as they became due; namely, the amounts owed by Corizon Health to Plaintiffs under the Agreement.

295.    The transfer by Corizon Health is also a fraudulent transfer under Mo. Rev. Stat. § 428.029(1) because Plaintiffs' claims against Corizon Health arose before the transfer and Corizon Health did not receive reasonably equivalent value in exchange for the assets transferred, and Corizon Health was either insolvent at that time or became insolvent as a result of the transfer.

296.    Defendants have and continue to knowingly participate in the civil conspiracy involving the aforesaid fraudulent conveyance scheme and have benefitted from it.

297.    Plaintiffs have and continue to be damaged as Defendants' civil conspiracy to commit fraudulent transfer has prevented Plaintiffs from collecting the amounts owed under the Agreement by Corizon Health.

298.    Defendants' actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and reckless indifference to the rights of Plaintiffs, thereby warranting the imposition of punitive damages to punish Defendants and to deter others from like conduct.

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request relief and judgment against Defendants, jointly and severally, as follows:

(a)     For a judgment against Defendants for the causes of action alleged against them,;

(b)     For an order enjoining Defendants from engaging in further unlawful conduct as alleged herein;

(c)     For an attachment or other provisional remedy against the assets transferred or other property of the transferee in accordance with the procedures prescribed by Missouri law under Mo. Rev. Stat. § 428.039;

(d)     For damages in an amount to be proven at trial;

(e)     For pre-judgment and post-judgment interest at the maximum rate permitted by law;

(f)     For punitive damages;

(g)     For Plaintiffs' attorneys' fees;

(h)     For Plaintiffs' costs incurred; and

(i)     For such other relief in law or equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all claims so triable.

Dated: October 7, 2022                  Respectfully submitted,

                                        **STUEVE SIEGEL HANSON LLP**

                                         _/s/ Patrick J. Stueve_
                                        Patrick J. Stueve MO Bar # 37682
                                        Ethan M. Lange MO Bar # 67857
                                        Jordan A. Kane MO Bar # 71028
                                        460 Nichols Road, Suite 200
                                        Kansas City, Missouri 64112

Electronically Filed - Boone - October 07, 2022 - 04:39 PM

816-714-7100 (p)
816-714-7101 (f)
stueve@stuevesiegel.com
lange@stuevesiegel.com
kane@stuevesiegel.com

**COUNSEL FOR PLAINTIFFS THE
CURATORS OF THE UNIVERSITY OF
MISSOURI AND CAPITAL REGION
MEDICAL CENTER**